IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ARTHUR BRENNAN MALLOY, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:86-cv-1160-TMH |
| | ) | (WO) |
| STATE OF ALABAMA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Arthur Brennan Malloy, an Alabama inmate, seeks relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure.  (Doc. No. 96.)  Malloy's motion is framed as a challenge to this court's first decision in 1988 denying him habeas relief.  In that habeas action he challenged his state conviction for robbery in the first degree, and the resulting sentence of life imprisonment without parole.  The conviction and judgment under which he is in custody of the State of Alabama was entered against him in 1981 in the Circuit Court of Montgomery, Alabama.   Malloy contends that the prior judgment of the court "is void and was a nullity from the outset . . . "  Malloy is not entitled to any relief from this court.

## I.   DISCUSSION

In the motion for relief from judgment, Malloy is actually attacking the fundamental legality of his state court conviction and sentence.  The motion, however, suffers from a significant infirmity:  Fed.R.Civ.P. 60(b)(6) is a civil rule and is therefore an inappropriate vehicle to challenge a criminal conviction or sentence.  *United States v. Fair*, 326 F.3d 1317,

1318 (11th Cir. 2003) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."); *see also United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998). The Federal Rules of Civil Procedure govern "suits of a civil nature." Fed.R.Civ.P. 1. Although Fed.R.Civ.P. 60 may be used in limited circumstances to set aside *habeas denials*, *see Gonzalez v. Crosby*, 545 U.S. 524 (2005), Malloy's instant pleading clearly attacks the convictions and sentence imposed in the criminal proceeding against him and raises no proper challenge to the ruling of this court in any prior action for habeas corpus relief.

This court's records indicate that Malloy filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging the same convictions and sentence he challenges by his present motion. *See Malloy v. Jones*, 86-H-1160-N. Malloy raised five grounds for habeas relief: (1) the evidence was insufficient to sustain the conviction, (2) the prosecutor failed to disclose to the defense exculpatory evidence, (3) trial counsel was ineffective, (4) prosecutorial and judicial misconduct denied Malloy a fundamentally fair trial and (5) Malloy's sentence was disproportionally severe in comparison to his codefendant's sentence. Habeas relief was denied on all claims by this court.[1]

---

[1] Malloy's habeas petition is not Malloy's only attempt to undercut the validity of his state conviction. In 1989 in *Malloy v. Burton*, 89-T-738-N, Malloy filed a second habeas petition challenging his robbery conviction. That petition was dismissed as a successive petition. Apparently dissatisfied with the decisions of this court, Malloy filed a third habeas petition in the United States District Court for the Northern District of Alabama; that case was transferred to this court and denied as a successive petition. *Malloy v. Burton*, 90-H-26-N. In 1992, he filed a 42 U.S.C. § 1983 case contending that the trial judge and trial lawyer violated his constitutional rights during the trial of his robbery case. *Malloy v. State of Alabama*, 92-H-289-N. That case was dismissed. In *Malloy v. Burton*, 93-H-79-N, Malloy claimed that the Alabama Board of Pardons and Paroles denial of his application for parole was so arbitrary as to constitute a violation of due process. Malloy's argument was premised on the original claims which he presented in his first habeas petition to this court. Malloy's petition was dismissed. In *Malloy v. Burton*, 95-A-256-N, Malloy again attacked his robbery

In *Gonzalez*, *supra*, the Supreme Court held that, where a previous habeas petition has been denied, a nominal Rule 60(b) motion containing one or more "claims" for relief – i.e., "an asserted federal basis for relief from a ... judgment of conviction" – is in substance a successive petition for habeas relief. *See Gonzales*, 545 U.S. at 529-32. Malloy essentially claims that the prior habeas decision of this court was wrongly decided. "The District Court failed to adhere to guidance of the United States Supreme Court . . . in deciding the issue(s) presented in the 'initial' habeas corpus petition, and unreasonably applied clearly established federal law . . . " Unquestionably, Malloy presents "claims" for relief from a judgment of conviction within the meaning of *Gonzalez*. Beyond bald contentions that this court's prior rulings suffer from defects, Malloy argues only the merits of the claims he raised in his original habeas petition. Consequently, Malloy's instant collateral attack on his convictions and sentence must be treated as a successive § 2254 petition, despite Malloy's having designated his pleading as one seeking relief under Fed.R.Civ.P 60(b)(6). *See Gonzalez*, 545 U.S. at 531-32.

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-

---

conviction, and his petition was again dismissed as a successive petition.

3

judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]."  28 U.S.C. § 2244(b)(3)(B) and (C).

It is clear from the motion filed by Malloy that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief under 28 U.S.C. § 2254.  Because this undertaking is properly considered a successive habeas corpus petition and Malloy has no permission from the Eleventh Circuit to file a successive habeas petition, this court lacks jurisdiction to grant the requested relief.  *See Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997). Consequently, the instant petition for habeas corpus relief is due to be denied and this case summarily dismissed.  *Gilreath*, 273 F.3d at 934.

## II.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that the motion be DENIED and this case be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as Malloy has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before February 15, 2011, the parties may file objections to the

4

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 1st day of February, 2011.


      /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE